Benjamin M. Lopatin, Esq.
Cal. Bar No.: 281730
*lopatin@hwrlawoffice.com*
**THE LAW OFFICES OF**
**HOWARD W. RUBINSTEIN, P.A.**
One Embarcadero Center, Suite 500
San Francisco, CA 94111
(800) 436-6437
(415) 692-6607 (fax)

*Attorney for Plaintiff Elizabeth Cox*
*and the Proposed Class*

**FILED**

2012 DEC 17 P 2: 55

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**JCS**

**CV 12 6377**

| | |
|---|---|
| **ELIZABETH COX,** as an individual, and on behalf of all others similarly situated, | Civil No.: |
| *Plaintiff,* | **CLASS ACTION COMPLAINT FOR:** |
| *vs.* | 1. Violations of Cal. Bus. & Prof. C. §§ 17200, *et seq.* |
| **GENERAL MILLS, INC.,** a Delaware corporation, | 2. Violations of Cal. Bus. & Prof. C. §§ 17500, *et seq.* |
| | 3. Violations of Cal. Civ. C. §§ 1750, *et seq.* |
| *Defendant.* | *California Class Representation* |
| | *Jury Trial Requested* |

Plaintiff, ELIZABETH COX, by and through her undersigned counsel, hereby files this Class Action Complaint, individually, and on behalf of all others similarly situated—and makes these allegations based on information and belief and/or which are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery—against Defendant, General Mills, Inc. ("GENERAL MILLS" or "Defendant"), as follows:

# I. INTRODUCTION

1.      Defendant has mistakenly or misleadingly represented that its Green Giant 100% Natural Valley Fresh Steamers, sold in various ingredient/flavor varieties (the "Product"), are "100% Natural," when in fact, they are not, because they contain Genetically Modified Organisms ("GMOs") in the form of corn, soy, corn derivatives, and/or soy derivatives within its ingredients.

2.      Defendant's "100% Natural" statement prominently displayed on the Product's packaging and/or labeling is false, misleading, and likely to deceive reasonable consumers, such as Plaintiff and members of the Class, because the Product is not "100% Natural," due to the presence of GMOs.

3.      GMOs are plants that grow from seeds in which DNA splicing has been used to place genes from another source into a plant.  Contrary to Defendant's express or implied representations, the Product uses plants or plant derivatives grown or created from GMOs.

# II. VENUE AND JURISDICTION

4.      This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts of any class action in which any member of the plaintiff class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs.

5.      Plaintiff alleges that the total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).

6.     As set forth below, Plaintiff is a citizen of California, and GENERAL MILLS can be considered a citizen of Delaware. Therefore, diversity of citizenship exists under CAFA and diversity jurisdiction, as required by 28 U.S.C. §§ 1332(a)(1), (d)(2)(A).

7.     Furthermore, Plaintiff alleges on information and belief that more than two-thirds of all of the members of the proposed Plaintiff Class in the aggregate are citizens of a state other than California, where this action is originally being filed, and that the total number of members of the proposed Plaintiff Class is greater than 100, pursuant to 28 U.S.C. § 1332(d)(5)(B).

8.     Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts business in, and may be found in, this district, and Plaintiff purchased the subject Product of this action in this judicial district.

9.     The "Declaration of Benjamin M. Lopatin, Esq., Pursuant to Civil Code §1780(c) of the Consumer Legal Remedies Act, Civil Code §§1750 et seq." regarding venue under the California Consumer Legal Remedies Act ("CLRA") is submitted herewith and is incorporated herein by reference.

### III. PARTIES

10.    Plaintiff is an individual more than 18 years old, and is a citizen of California, who resides in the city and County of San Francisco.

11.    Plaintiff respectfully requests a jury trial on all damage claims.

12.    During September of 2012, from a Safeway supermarket located in San Francisco, California, Plaintiff purchased the following two varieties of the Product:

1) General Mills' Green Giant 100% Natural Valley Fresh Steamers Roasted Red Potatoes, Green Beans & Rosemary Butter Sauce, which contains GMOs in the Corn Starch and Soy Lecithin ingredients. *See* **Exhibit** 1, *Scanned Copy of*

*Product packaging/labeling for this ingredient/flavor variety*, attached hereto and incorporated herein.

2) General Mills' Green Giant 100% Natural Valley Fresh Steamers Broccoli, Carrots, Cauliflower & Cheese Sauce, which contains GMOs in the Corn Starch and Soybean Oil ingredients.   *See* **Exhibit 2**, *Scanned Copy of Product packaging/labeling for this ingredient/flavor variety*, attached hereto and incorporated herein.

13.    In purchasing the Product, Plaintiff read and relied on the material statement that the Product is "100% Natural." For example, Plaintiff purchased the Product believing it to be "100% Natural" because she read and relied on General Mills' material statement that the Product is "100% Natural," prominently displayed on the Product's front and rear labeling/packaging. Plaintiff has been damaged by her purchase of the Product because the labeling and advertising for the Product was and is false and/or misleading under California law; therefore, the Product is worth less than what Plaintiff paid for it and/or Plaintiff did not receive what she reasonably intended to receive when purchasing the Product.

14.    Defendant, General Mills, Inc. ("General Mills") is a Delaware licensed corporation with its principal place of business located in the State of Minnesota, at One General Mills Blvd., Minneapolis, Minnesota 55426. General Mills lists with the California Secretary of State a Registered Agent designated as National Registered Agents, Inc., 2875 Michelle Drive, Suite 100, Irvine, California 92606.   Therefore, General Mills can be considered a "citizen" of the State of Delaware or Minnesota.

15.    GENERAL MILLS is the owner, manufacturer and distributor of the Product, and is the company that created and/or authorized the false, misleading and deceptive labeling

and advertising for the Product and is the company that promoted, marketed, and sold the Product at issue in this judicial district.

16.    The labeling and advertising for the Product relied upon by Plaintiff was prepared and/or approved by GENERAL MILLS and its agents, and was disseminated by GENERAL MILLS and its agents through labeling and advertising containing the misrepresentations alleged herein. The labeling and advertising for the Product was designed to encourage consumers to purchase the Product and reasonably misled the reasonable consumer, i.e. Plaintiff and the Class.

17.    Plaintiff alleges that, at all times relevant herein, GENERAL MILLS and its subsidiaries, affiliates, and other related entities, as well as their respective employees, were the agents, servants and employees of GENERAL MILLS, and at all times relevant herein, each was acting within the purpose and scope of that agency and employment. Plaintiff further alleges on information and belief that at all times relevant herein, the distributors and retailers who delivered and sold the Product, as well as their respective employees, also were General Mills agents, servants and employees, and at all times herein, each was acting within the purpose and scope of that agency and employment.

18.    Additionally, Plaintiff alleges that, in committing the wrongful acts alleged herein, GENERAL MILLS, in concert with its subsidiaries, affiliates, and/or other related entities and their respective employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Product by means of false, misleading, deceptive and fraudulent representations, and that GENERAL MILLS participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

19.     Whenever reference in this Complaint is made to any act by GENERAL MILLS or its subsidiaries, affiliates, distributors, retailers and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of GENERAL MILLS committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of GENERAL MILLS while actively engaged in the scope of their duties.

## IV. FACTUAL ALLEGATIONS

20.     GENERAL MILLS manufacturers, distributes, markets, advertises, and sells the Product, Green Giant 100% Natural Valley Fresh Steamers, sold in various ingredient/flavor varieties.

21.     The Product claims to be "100% Natural," when in fact, it is not, because it contains GMOs in the form of corn, soy, corn derivatives, and/or soy derivatives within its ingredients.

22.     Defendant's "100% Natural" statement prominently displayed on the Product's packaging and/or labeling is false, misleading, and likely to deceive reasonable consumers, such as Plaintiff and members of the Class, because the Product is not "100% Natural," due to the presence of GMOs.

23.     GMOs are plants that grow from seeds in which DNA splicing has been used to place genes from another source into a plant. Contrary to Defendant's express or implied representations, the Product uses plants or plant derivatives grown or created from GMOs.

24.     The Product is not "100% Natural." Genetically modified corn or soy products contain genes and/or DNA that would not normally be in them, and are thus not natural, thereby causing the Product to fail to be "100% Natural."

25.    Defendant manufactures, markets, advertises, distributes and sells the Product in its stores located throughout the State of California and in this judicial district claiming to be "100% Natural;" specifically, on the front labeling or packaging for the Product.

26.    As a result, through a variety of advertising, including but not limited to the packaging and labeling of the Product, GENERAL MILLS has made false and misleading material statements and representations regarding the Product that have been relied upon by Plaintiff and members of the Class.

27.    Simply put, the Product contains GMOs and is thus not "100% Natural." Therefore, Defendant's advertising and labeling statement that the Product is "100% Natural" is deceptive and likely to mislead reasonable consumers, such as Plaintiff and members of the Class.

28.    Plaintiff, like members of the Class, purchased the Product relying on the material misrepresentation that it was "100% Natural" at the time of purchase.

29.    Plaintiff based her purchase upon General Mills' material statement that the Product was "100% Natural," which she read on the front labeling of the Product, and relied upon prior to making her purchase.

30.    Plaintiff would not have purchased the Product if she had known that the Defendant's Product is not "100% Natural" because it contains GMOs.

31.    Plaintiff and members of the Class have been economically damaged by their purchase of the Product because it is not "100% Natural."

32.    At a minimum, Plaintiff contends that Defendant should cease labeling the Product "100% Natural."

33.     Plaintiff therefore brings this class action to secure, among other things, equitable relief and actual damages, statutory damages, and punitive damages for the Class against GENERAL MILLS for false and misleading advertising in violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*, California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 *et seq.*; and California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500 *et seq.*

## V. CLASS ACTION ALLEGATIONS

43.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

44.     Pursuant to Cal. Civ. Code § 1781, Cal. Code of Civil Procedure § 382 and Federal Rule of Civil Procedure 23, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as:

> **all California persons who have purchased General Mills Green Giant Valley Fresh Steamers containing corn or soy ingredients, for personal use, during the period extending from October 22, 2008, through and to the filing date of this Complaint.**

45.     Plaintiff reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

46. Defendant's practices and omissions were applied uniformly to all members of the Class, including any subclass arising out of the California statutory claims alleged herein, so that the questions of law and fact are common to all members of the Class and any subclass.

47. All members of the Class and any subclass were and are similarly affected by the deceptive labeling of the Product, and the relief sought herein is for the benefit of Plaintiff and members of the Class and any subclass.

48. Based on the annual sales of the Product and the popularity of the Product, it is apparent that the number of consumers in both the Class and any subclass is so large as to make joinder impractical, if not impossible.

49. Questions of law and fact common to the Plaintiff Class and any subclass exist that predominate over questions affecting only individual members, including, inter alia:

> a. Whether Defendant's practices and representations related to the marketing, labeling and sales of the Product were unfair, deceptive and/or unlawful in any respect, thereby violating Cal. Bus. & Prof. Code §§ 17200 et seq.;

> b. Whether Defendant's practices and representations related to the marketing, labeling and sales of the Product were unfair, deceptive and/or unlawful in any respect, thereby violating Cal. Bus. & Prof. Code §§ 17500 et seq.;

> c. Whether Defendant's practices and representations related to the marketing, labeling and sales of the Product in California were unfair, deceptive and/or unlawful in any respect, thereby violating Cal. Civil Code §§ 1750 et seq.; and

> d. Whether Defendant's conduct as set forth above injured consumers and if so, the extent of the injury.

50. The claims asserted by Plaintiff in this action are typical of the claims of the members of the Plaintiff Class and any subclass, as the claims arise from the same course of conduct by Defendant, and the relief sought within the Class and any subclass is common to the members of each.

51. Plaintiff will fairly and adequately represent and protect the interests of the members of the Plaintiff Class and any subclass.

52. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

53. Certification of this class action is appropriate under Cal. Civ. Code § 1781, Cal. Code of Civil Procedure § 382 and Federal Rule of Civil Procedure 23 because the questions of law or fact common to the respective members of the Class and any subclass predominate over questions of law or fact affecting only individual members.

54. This predominance makes class litigation superior to any other method available for the fair and efficient adjudication of these claims.

55. Absent a class action, it would be highly unlikely that the representative Plaintiff or any other members of the Class or any subclass would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

56. Certification also is appropriate because Defendant acted, or refused to act, on grounds generally applicable to both the Class and any subclass, thereby making appropriate the relief sought on behalf of the Class and any subclass as respective wholes.

57. Further, given the large number of consumers of the Product, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

58. A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that individual actions would engender.

59. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

## VI. FIRST CAUSE OF ACTION:
## VIOLATIONS OF CAL. BUS & PROF. CODE §§ 17200 *ET SEQ.*

60. Plaintiff re-alleges and incorporates by reference the allegations set forth in the each of the preceding paragraphs of this Complaint.

61. This cause of action is brought on behalf of Plaintiff and members of the general public pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq.*, which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

62. Defendant has violated the Act by engaging in the unfair and deceptive practices described above, which offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers. Specifically, Defendant has represented that the Product is "100% Natural," when in fact, it is not, because it contains GMOs in the form of corn, soy, corn derivatives, and/or soy derivatives.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

63.     Plaintiff alleges that Defendant committed unfair business acts and/or practices, as set forth in detail above. The utility of Defendant's practices related to the deceptive labeling and advertising of the Product is negligible, if any, when weighed against the harm to the general public.

64.     The harmful impact upon members of the general public who purchased and used the Product outweighs any reasons or justifications by Defendant for the deceptive labeling and advertising practices employed to sell the Product that misleadingly claims to be "100% Natural."

65.     Defendant had an improper motive (profit before accurate marketing) in its practices related to the deceptive labeling and advertising of the Product, as set forth above.

66.     The use of such unfair business acts and practices was and is under the sole control of Defendant, and was deceptively hidden from members of the general public in Defendant's marketing, advertising and labeling of the Product.

67.     Defendant committed a deceptive act or practice by making the labeling and advertising representations set forth in detail above. These deceptive acts and practices had a capacity, tendency, and/or were likely to deceive or confuse reasonable consumers.

68.     Defendant also committed an unlawful business practice by violating the FAL and CLRA as set forth in detail below. These violations serve as predicate violations of this prong of the UCL.

69.     As a purchaser and consumer of Defendant's Product, and as a member of the general public who purchased and used the Product, Plaintiff is entitled to and does bring this class action seeking all available remedies under the UCL.

70.     Defendant's labeling and advertising practices, as set forth above, were intended to promote the sale of the Product and constitute unfair, deceptive and/or unlawful business practices within the meaning of California Bus. & Prof. Code §§ 17200 *et seq.*

71.     Pursuant to California Bus. & Prof. Code § 17203, Plaintiff, on behalf of herself and members of the general public, seeks an order of this Court requiring Defendant to restore to Plaintiff and other purchasers of the Product all monies that may have been acquired by Defendant as a result of such unfair, deceptive and/or unlawful business acts or practices.

72.     Plaintiff and purchasers of the Product will be denied an effective and complete remedy in the absence of such an order.

73.     As a result of Defendant's violations of the UCL, Plaintiff and purchasers of the Product are entitled to restitution for out-of-pocket expenses and economic harm.

74.     Pursuant to Civil Code § 3287(a), Plaintiff and purchasers of the Product are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct.

75.     The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and purchasers of the Product are entitled to interest in an amount according to proof.

## VII. SECOND CAUSE OF ACTION:
## VIOLATIONS OF CAL. BUS. & PROF. CODE §§ 17500 *ET SEQ.*

76.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

34.     In violation of California Bus. & Prof. Code § 17500, Defendant disseminated, or caused to be disseminated, the deceptive Product labeling and advertising representations that

misleadingly claim that the Product is "100% Natural," when in fact, it is not because it contains GMOs in the form of corn, soy, corn derivatives, and/or soy derivatives.

77.     Defendant's Product's labeling and advertising representations are misleading because they cannot support the claims that the Product is "100% Natural."

78.     Defendant's labeling and advertising representations for the Product is by their very nature unfair, deceptive and/or unlawful within the meaning of California Bus. & Prof. Code §§ 17500 *et seq.*

79.     The representations were likely to deceive reasonable consumers and did deceive reasonable consumers such as Plaintiff and members of the Class.

80.     In making and disseminating the deceptive representations alleged herein, Defendant knew or should have known that the representations were misleading, and acted in violation of California's Bus. & Prof. Code §§ 17500 *et seq.*

81.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff and purchasers of the Product has suffered substantial monetary and non-monetary damage.

82.     Pursuant to Bus. & Prof. Code § 17535, Plaintiff, on behalf of herself and other purchasers of the Product, seeks an order of this Court requiring Defendant to restore to purchasers of the Product all monies that may have been acquired by Defendant as a result of such unfair, deceptive and/or unlawful acts or practices.

83.     As a result of Defendant's violations of the FAL, Plaintiff and purchasers of the Product are entitled to restitution for out-of-pocket expenses and economic harm.

84.     Pursuant to Civil Code § 3287(a), Plaintiff and purchasers of the Product are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct.

85. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and purchasers of the Product are entitled to interest in an amount according to proof.

### VIII. THIRD CAUSE OF ACTION:
### FOR VIOLATIONS OF CAL. CIV. CODE § 1750 ET SEQ.

86. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

87. This cause of action is brought pursuant to Cal. Civ. Code §§ 1750 *et seq.*

88. Plaintiff and each California purchaser of the Product are "consumers" within the meaning of Civil Code §1761(d).

89. The purchases of the Product by Plaintiff and California purchasers were and are "transactions" within the meaning of Civil Code §1761(e).

90. Defendant's "100% Natural" statement prominently displayed on the Product's packaging and/or labeling is false, misleading, and likely to deceive reasonable consumers, such as Plaintiff and members of the Class, because the Product is not "100% Natural," due to the presence of GMOs in the form of corn, soy, corn derivatives, and/or soy derivatives.

91. Defendant's marketing, labeling, advertising and sales of the Product within California, therefore violated the CLRA in at least the following respects:

a. In violation of Civil Code § 1770(a)(5), GENERAL MILLS represented that the Product has characteristics, ingredients, uses, and benefits which it does not have; and

b. In violation of Civil Code § 1770(a)(7), GENERAL MILLS represented that the Product is of a particular standard, quality, or grade, which it is not.

c.  In violation of Civil Code §1770(a)(9), GENERAL MILLS advertised the Product with an intent not to sell the Product as advertised;

d.  In violation of Civil Code § 1770(a)(14), GENERAL MILLS represented that the purchase of the Product confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

e.  In violation of Civil Code § 1770(a)(16), GENERAL MILLS represented that the subject of the sale of the Product has been supplied in accordance with a previous representation when it has not.

92.    Plaintiff seeks and is entitled to equitable relief in the form of an order requiring Defendant to make full restitution to California purchasers of the Product of all monies wrongfully obtained as a result of the conduct described above.

93.    Plaintiff, on or about October 22, 2012, by and through counsel, notified Defendant in writing of the particular violations of Section 1770 of the CLRA, and demanded that it take certain corrective actions within the period prescribed by the CLRA for such demands.

94.    However, Defendant failed to adequately respond to the demands for corrective action within the time prescribed by the CLRA.

95.    Therefore, Plaintiff requests statutory and actual damages, as well as punitive damages, interest and attorneys' fees as authorized by Section 1780(a) of the CLRA.

96.    In addition to damages, Plaintiff seeks and is entitled to, pursuant to Section 1780(a)(2) of the CLRA, an order for the equitable relief described above, as well as costs, attorney's fees and any other relief which the Court deems proper.

# IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all others similarly situated, prays for relief pursuant to each cause of action set forth in this Complaint as follows:

1. For an order certifying that the action may be maintained as a class action, certifying Plaintiff as representative of the Class, and designating her attorneys as Class counsel.

2. For an award of equitable relief as follows:

   (a) Enjoining Defendant from making any claims for the Product found to violate the UCL, FAL, or CLRA as set forth above;

   (b) Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described in this Complaint; and

   (c) Requiring Defendant to disgorge all ill-gotten gains flowing from the conduct described in this Complaint.

3. For an award of attorney's fees pursuant to, *inter alia*, §1780(d) of the CLRA and Code of Civil Procedure §1021.5.

4. For actual damages in an amount to be determined at trial;

5. For actual, statutory, and punitive damages as may be provided for by statute for violations of the CLRA (Third Cause of Action), because the demanded corrections failed to take place within the thirty (30) day notice period.

6. For an award of costs and any other award the Court might deem appropriate;

7. For pre- and post-judgment interest on any amounts awarded; and

8. Providing such further relief as may be just and proper.

# X. JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.

**Respectfully Submitted,**

Dated: December 14, 2012

By: /s/ Benjamin M. Lopatin
Benjamin M. Lopatin, Esq.
Cal. Bar No.: 281730
*lopatin@hwrlawoffice.com*
**THE LAW OFFICES OF**
**HOWARD W. RUBINSTEIN, P.A.**
One Embarcadero Center, Suite 500
San Francisco, CA 94111
(800) 436-6437
(415) 692-6607 (fax)

*Attorneys for Plaintiff Elizabeth Cox*
*and the Proposed Class*